FILED
United States Court of Appeals
Tenth Circuit

October 30, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KIMBERLY KETIKU,

     Plaintiff - Appellant,

v.

MINT URBAN INFINITY - BRITTANIA
HEIGHTS APARTMENTS - CARDINAL
GROUP  MANAGEMENT AND
ADVISORY,

     Defendant - Appellee.

No. 15-1313
(D.C. No. 1:15-CV-01322-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

    Kimberly Ketiku appeals from the dismissal of her pro se complaint.  Because

she alleges no basis for subject-matter jurisdiction, we affirm.

    Ketiku filed a complaint alleging that mold and other conditions in her

apartment, owned by Appellee, caused her severe health problems.  The district court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissed her complaint because she asserted only state law claims, and alleged no basis for federal jurisdiction. Ketiku timely appealed.

Federal courts have limited jurisdiction and can only decide cases that fall within the bounds of that jurisdiction. Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994). The two most commonly utilized forms of federal jurisdiction are diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331. Ketiku noted that the parties are domiciled in the state of Colorado, and thus has failed to show diversity as required by § 1332. And her only asserted causes of action are citations to "§ 38-12-503, § 38-12-505[, and] § 38-12-507," which appear to be referring to Colorado state law. See Colo. Rev. Stat. §§ 38-12-503, -505, -507 (concerning warranty of habitability).[1] Ketiku has thus provided no basis upon which we can conclude that she has raised a federal question.

Because Ketiku has not alleged a basis to invoke the jurisdiction of the federal courts, we **AFFIRM** the dismissal of her complaint without prejudice. We **GRANT** Ketiku's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Although we clearly lack jurisdiction as a federal court, a state court may have jurisdiction to hear Ketiku's claims as a court of general jurisdiction. See Colo. Const. art. VI, § 9.